**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Edward Aguilar, | No. CV-19-00359-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court is Petitioner Michael Edward Aguilar's Motion Requesting the Court Order the Pima County Detention Complex to Cease from Obstructing Petitioner's Access to the Courts. (Doc. 83.) Aguilar asserts that Pima County detention officials are obstructing his access by indefinitely suspending his use of an electronic tablet, which he uses to "remain studious and up-to-date" on federal habeas materials. (*Id.* at 4.) The motion is fully briefed. (Docs. 84, 85.) For the following reasons, the Court will deny the motion.

The Court construes Aguilar's motion as a motion for injunctive relief. Generally, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *see De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunctive relief is inappropriate for matters "lying wholly outside the issues in the suit"). But an exception to this rule arises where the injunctive relief sought is related to a prisoner's access to the courts. *See Prince*

*v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (where the relief sought relates to a prisoner's access to the court, "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

The constitutional right of access to the courts encompasses a right to litigate without active interference. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015). To support an active interference claim, a prisoner must allege facts showing that officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury. *Silva*, 658 F.3d at 1102; *see Lewis v. Casey*, 518 U.S. 343, 349 (1996) (to maintain an access-to-the-courts claim, a prisoner must show an "actual injury" resulting from the defendant's actions). Actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348-49.

Aguilar has not alleged any facts supporting that he has suffered actual prejudice in this case, such as an inability to present a claim. In fact, the claims in Aguilar's petition have been fully briefed, and the Court will issue an order in due course.

Accordingly,

**IT IS ORDERED** that Aguilar's Motion Requesting the Court Order the Pima County Detention Complex to Cease from Obstructing Petitioner's Access to the Courts (Doc. 83) is **DENIED**.

Dated this 11th day of August, 2022.

Honorable Jennifer G. Zipps
United States District Judge