**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Edward Aguilar, | No. CV-19-00359-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Jaqueline M. Rateau. (Doc. 68.) Magistrate Judge Rateau recommends dismissing Petitioner Michael Aguilar's § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody. (*Id.*) Aguilar filed an Objection, and Defendants responded. (Docs. 75, 76.)

Also pending before the Court is Aguilar's Motion for Leave in Allowing Reply to Response to Petitioner's Objection to Report and Recommendation. (Doc. 77.) Defendants responded to the motion. (Doc. 78.)

Having reviewed the record, the Court will deny Aguilar's request to file a reply and adopt the Report and Recommendation.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's report and recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the

Magistrate Judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

## BACKGROUND

The Court will adopt the Factual and Procedural Background of the Report and Recommendation. (Doc. 68 at 1–4.) The Magistrate Judge cited the Arizona Court of Appeals' summary of the facts as follows:

> In March 2012, S.B. and his girlfriend, J.M., heard a car horn honking repeatedly outside the house in which they were staying. J.M. went outside to investigate the cause of the noise. When S.B. heard a man screaming that he was owed money, he followed J.M. outside. He then saw J.M talking to Aguilar, who was in a car.
>
> S.B. asked Aguilar "what the problem was," and Aguilar replied that J.M owed him money. When S.B. told Aguilar the he didn't have any money, Aguilar displayed what appeared to be a pistol and pointed it at both S.B. and J.M. Aguilar stated, "I'm not leaving until I get my money and I will light this bitch up . . . if I don't."
>
> J.M. retreated into the house and called 9-1-1. She informed the operator that a man outside the house had a gun. When the police arrived, they located Aguilar hiding nearby and found a BB gun in "the middle of the roadway close by. [FN1: The weapon was referred to as both a "BB gun" and a "pellet gun." Any distinction between the two terms is not relevant to the issues in this appeal.] S.B. identified the BB gun as the weapon Aguilar had used.

(*Id.* at 1–2 (quoting *State v. Aguilar*, No. 2 CA-CR 2014-0067, 2014 WL 7344041 (Ariz. App. Dec. 24, 2014))).

//

**DISCUSSION**

**I.     Motion for Leave to File a Reply**

Federal Rule of Civil Procedure 72(b)(2) does not permit the filing of a reply to a response to an objection, and Aguilar's request for leave to file a reply (Doc. 77) does not present good cause or other legal basis for granting his request. Moreover, Defendants' response does not raise new issues or evidence that would warrant further reply from Aguilar. Accordingly, the Court will deny Aguilar's request. *See ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619 (D. Ariz. Mar. 11, 2011) (noting no additional briefing is necessary because the last brief raised "responsive argument[s]" as opposed to "entirely new issues"); *cf. J.G. v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (noting additional briefing is appropriate when new evidence is presented).

**II.    Objections**

Aguilar raises several objections to the Report and Recommendation. (Doc. 75.) The Court will address each argument in turn.

    **A.     Factual and Evidentiary Objections**

        **1.     Magistrate Judge's Consideration of the Record (Objection One)**

Aguilar argues that the Magistrate Judge "refused" to incorporate the entire record into the Report and Recommendation. (Doc. 75 at 1–2.) He suggests that the Magistrate Judge only considered the pending petition, response, and reply, and did not consider other filings in this federal action or the state record. (*Id.* at 2.)

Aguilar misconstrues the Magistrate Judge's reference to the filings at issue as limiting the Magistrate Judge's consideration of the record. As demonstrated by the R&R, the Magistrate Judge did not limit her review to the petition, response, and reply. The R&R cites to Aguilar's state court filings, the state court record, and state court rulings. (Doc. 68.) Notably, the federal record includes more than 250 pages of the state court record. As to Aguilar's other filings in the pending action, Aguilar fails to demonstrate how any of his previous filings are relevant to the issues addressed in the R&R. Regardless, those

1 filings are part of the record and available for review by this Court and the Ninth Circuit
2 Court of Appeals.
3     Aguilar also argues that the habeas petition he filed in case 15-cv-00286-LCK, in
4 2015, should have been included in the record, and he points to the actual innocence claim
5 raised in that petition. (*Id.*)  But Aguilar was required to raise in his pending petition for
6 writ of habeas corpus "all the grounds for relief." Rule 2(c)(1), Rules Governing Section
7 2254 Cases. The Court dismissed the 2015 petition as premature in November 2016. (15-
8 cv-00286-LCK, Doc. 25 at 2–3.) In a subsequent order, the Court informed Aguilar that
9 when he "complete[d] PCR proceedings in state court, he should file a NEW case with a
10 petition that includes all the habeas claims he wishes to raise in federal court." (15-cv-
11 00286-LCK, Doc. 43 at 3.) In addition, in the present case, the Court issued an Order
12 stating that it would allow Aguilar to file an amended petition presenting "*all* his claims
13 for relief." (Doc. 10 at 3 (emphasis in original).)
14     Finally, even if Aguilar did not include an actual innocence claim in his petition, the
15 Magistrate Judge nevertheless considered actual innocence in determining whether there
16 was cause to excuse Aguilar's procedural default of his claims. (Doc. 68 at 9–11.)

17         **2.      Presumption of Correctness of Facts in State Court Decision**
18               **(Objection Two)**

19     Aguilar argues that the Magistrate Judge erred in giving the facts, as summarized
20 by the Arizona Court of Appeals in its decision, a presumption of correctness. (*Id.* at 3–
21 4.) Aguilar argues that the presumption of correctness for factual findings applies to
22 Arizona Supreme Court decisions, and not Arizona Court of Appeals decisions. (*Id.* at 3.)
23 Aguilar also argues that he should have been afforded an evidentiary hearing in place of
24 the presumption of correctness. (*Id.*) Aguilar points to conflicting evidence and states
25 "until it is determined on what basis the jury supported their verdict, there exists no
26 presumption of correctness." (*Id.* at 3–4.)
27     Aguilar is incorrect as to the law. The presumption of correctness applies in habeas
28 relief and it "applies even if the finding was made by the state court of appeals[.]" *Pollard*

*v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)).

Aguilar's challenges to the applicability of the presumption are unpersuasive. A petitioner may rebut the presumption of correctness only "with clear and convincing evidence." *Id.* The Magistrate Judge thoroughly discusses Aguilar's challenges to the evidence. (Doc. 68 at 13–14.) Aguilar's challenges do not establish by clear and convincing evidence that any particular finding by the Arizona Court of Appeals is erroneous. (Doc. 75 at 3–4.) Aguilar's description of the evidence is selective. Viewed as a whole, the record does not support his assertion that "his conviction is predicated solely upon [a witness's statement that] 'I assumed that what was in his hand was a pistol.'" (Doc. 75 at 3.)

### 3. Denial of Evidentiary Hearing (Objection Three)

Aguilar argues that Magistrate Judge erred in denying him an evidentiary hearing. (Doc. 75 at 4.) Aguilar points to a presentence report in an unrelated case, that states witness S.B had used heroin since he was 22 years old. (*Id.* at 4–6.) Aguilar argues that this information goes to S.B.'s credibility and it could not have been previously discovered with due diligence, because the presentence report was created after his trial. (*Id.* at 6.) Aguilar further argues the presentence report clearly established that S.B. was using heroin the night Aguilar committed the crime and, therefore, Aguilar is innocent.[1] (*Id.*)

Aguilar failed to present this arguments in his Motion for an Evidentiary Hearing. (*See* Doc. 37.) Thus, the Court will not consider it. *See Brown*, 279 F.3d at 744. Moreover, the Court notes that Aguilar's contentions would not entitled him to an evidentiary hearing on this issue. S.B.'s report of heroin addiction would not establish that S.B. was high on the night in question or during his testimony at Aguilar's trial, and Aguilar's counsel impeached S.B. with his prior felony conviction involving the sale of heroin as well as S.B.'s inconsistent statements related to the incident. (Doc. 68 at 19–20.) S.B.'s presentence report does not provide a basis to conclude that no reasonable factfinder would

---

[1] Aguilar points to two other pieces of evidence he wishes to introduce at an evidentiary hearing. But he only argues that the presentence investigation report entitles him to an evidentiary hearing because it is newly discovered evidence.

- 5 -

have found Aguilar innocent. *Id.* Section 2254(e)(2)(B) (requiring, in addition to new evidence, that the evidence be "clear and convincing" to establish that "no reasonable factfinder would have found the applicant guilty").

### B. Objections to Magistrate Judge's Analysis of Grounds for Relief

#### 1. Ground Two (Objection Four)

In Ground Two, Aguilar argues that the admission of the 911 recording into evidence at his trial violated his Sixth Amendment right to confront witnesses and his Fourteenth Amendment right to a fair trial. (Doc. 1 at 12.) On direct appeal, the Arizona Court of Appeals rejected this ground, citing the invited error doctrine. The court reasoned that Aguilar did not object to the State's introduction of the 911 recording into evidence, and Aguilar was the first to request that the recording be played to the jury. (Doc. 1-4 at 8.) In rejecting Ground Two, the Magistrate Judge concluded that Aguilar fairly presented the claim to the state court, but the state court's clear and express rejection of the claim under the invited error doctrine constituted an independent and adequate state law ground that serves as a procedural bar to habeas corpus relief on the claim. (Doc. 68 at 8–9.)

In his Objection, Aguilar does not challenge the state court's finding that he failed to object to admission of the recording in the first instance. He argues that the state court's invited error analysis is misguided because once the 911 recording was admitted, the playing of the recording was inevitable. (Doc. 75 at 6.)

Aguilar's argument is not persuasive. As explained by the Magistrate Judge, the Court of Appeals' conclusion is an independent and adequate state court ground, and "Aguilar failed to meet his burden . . . [to] challeng[e] the independence or adequacy of the invited error doctrine." (Doc. 68 at 9.) "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). "To be deemed adequate, the state law ground for decision must be well-established and consistently applied." *Id.* at 583. Aguilar does not address either prong.[2]

---

[2] Also in Ground Two, Aguilar asserts a claim of insufficient evidence. (Doc. 1 at 12.) The Magistrate Judge found that Aguilar procedurally defaulted this claim because he

Aguilar objects to the Magistrate Judge's conclusion that he failed to show actual innocence and thus could not overcome the procedural default and procedural bar of his Ground Two claims. (*See* Doc. 68 at 9–10.) He asserts that the Magistrate Judge's analysis is based on irrelevant distractions, record manipulation, and ignoring of Aguilar's proffered facts. (Doc. 75 at 7, 9–10.) Aguilar further argues that he need not explain these contentions as the facts and evidence in Ground Three prove the Magistrate Judge's and PCR state court's evaluations of the claim were unreasonable. (*Id.*)

The Court has reviewed the R&R and the Magistrate Judge's citation of the governing law and application of the law to the facts. The Court discerns no error in that analysis.

### 2. Ground One (Objection Five)

In Ground One, Aguilar asserts that the BB gun was allowed into evidence without sufficient foundation, depriving him of his Sixth Amendment right to confront witnesses and his Fourteenth Amendment right to a fair trial. (Doc. 1 at 6.) In evaluating this same claim, the Arizona Court of Appeals held that an officer's testimony about the location of the BB gun was hearsay and that the trial court erred in admitting it, but any error was harmless because the fact supported by the inadmissible testimony was "otherwise established" by untainted evidence. (Doc. 68 at 12–14.) The Magistrate Judge concluded that Arizona Court of Appeals applied the correct legal standard—"that the error must be found harmless beyond a reasonable doubt." (*Id.* at 13.) The Magistrate Judge rejected as "not supported by the record" Aguilar's contention that the court of appeals' factual determination was unreasonable because it failed to "refer to where in the record S.B. identified the weapon collected by [RG] as the weapon used." (*Id.*)

Aguilar objects to the Magistrate Judge's conclusion that the Arizona Court of Appeals applied the correct legal standard—"harmless beyond a reasonable doubt." (Doc. 75 at 8.) Aguilar argues that the court applied an "otherwise established" standard, citing

---

failed to fairly present this claim, as a federal claim, to the state court. (Doc. 68 at 7–8.) As the Magistrate Judge noted, Aguilar argued insufficiency based entirely on Rule 20 of the Arizona Rules of Criminal Procedure. (*Id.*)

the court's inclusion of that phrase in its decision. (*Id.*) In addition, Aguilar argues that the court erred in applying the correct standard, because the "otherwise established evidence" amounted to an assumption from a witness who was high on illegal substances. (*Id.*) As to each of his arguments, Aguilar misconstrues the Court of Appeals' decision.

As set forth in the R&R, the Court of Appeals reviewed the evidence presented as to the BB gun and determined that, even without the erroneously admitted testimony, the officer's other testimony established that the gun was present at the scene of the incident: the officer testified that he collected the gun at that location and victim S.B. identified the weapon that was collected as the weapon used in the robbery. (*Id.* at 13.) Because the presence of the gun was "otherwise established" by untainted testimony, admission of the tainted testimony could not have undermined the jury's finding of guilt beyond a reasonable doubt.

### 3. Ground Three (Objection Six)

In Ground Three, Aguilar asserts a claim of ineffective assistance of counsel. (Doc. 1 at 17.) Aguilar argues that his counsel should have used evidence of communications in his cell phone to impeach S.B.'s testimony that S.B. did not know Aguilar. (*Id.*) The Magistrate Judge concluded that the PCR state court's decision was not unreasonable when it found (1) counsel's performance was not deficient and (2) Aguilar did not suffer prejudice. (Doc. 68 at 14–21.)

As thoroughly explained by the Magistrate Judge and PCR state court, Aguilar's counsel was not ineffective. (*Id.*) Aguilar's conclusory arguments to the contrary do not undermine that conclusion.

### 4. Ground Four (Objection Seven)

In Ground Four, Aguilar asserts that his trial counsel was ineffective in plea negotiations. (Doc. 1 at 29–30.) Aguilar argues that but for his counsel's conduct, he would have accepted a probation-available plea agreement. (*Id.*) The Magistrate Judge rejected Aguilar's claim and thoroughly explained her reasoning. (Doc. 68 at 21–25.) In particular, the Magistrate Judge found that state court reasonably concluded that a

1 probation-available plea was not offered and that Aguilar fails to overcome the doubly
2 deferential standard to the state court's decision that Aguilar's counsel was not ineffective.
3 (*Id.* at 24–25.)

4 Aguilar does not object to the Magistrate Judge's conclusion or reasoning with respect to this claim. (Doc. 75 at 10.) Instead, Aguilar raises an entirely new claim that is not in the petition. He asserts that counsel was ineffective in rejecting a separate "CES plea," not the probation-available plea alleged in the petition. (*Compare* Doc. 1 at 29–30 *with* Doc. 75 at 10.) Because all claims for relief must be in the petition, the Court declines to consider Aguilar's newly raised claim. *See* Rule 2(c)(1), Rules Governing Section 2254 Cases (mandating that all grounds for relief must be in the petition). To the extent Aguilar's Objection is not a newly raised *claim*, the Court declines to consider the new argument. *See Brown*, 279 F.3d at 744. In any event, Aguilar does not show that his counsel was ineffective in stating that Aguilar does want the CES plea, when Aguilar previously rejected the CES plea.

15 **III.    Certificate of Appealability**

16 Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. *See United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) (requiring a COA to appeal the denial of a Rule 60(b) motion in a § 2255 case); *Payton v. Davis*, 906 F.3d 812, 818 & n.8 (9th Cir. 2018) (applying *Winkles* to a case brought under § 2254). A court may issue a COA only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a court may issue a COA only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2)

whether the court's procedural ruling was correct. *Id*. The Court finds that reasonable jurists would not find this Court's ruling debatable. Therefore, the Court will not issue a COA.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Aguilar's Motion for Leave in Allowing Reply to Response to Petitioner's Objections to Report and Recommendation (Doc. 77) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 68) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Aguilar's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **denies** issuance of a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly, and close its file in this action.

Dated this 30th day of August, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge